Thank you, Your Honor. May it please the Court, Cynthia Jones for the appellant, Lance Gloor. I would like to plan to reserve four minutes for rebuttal. The issue before the Court today is whether Mr. Gloor is entitled to an evidentiary hearing to determine whether the 73 plants at issue here were in compliance with Washington State law. And the answer here is yes. In this Court's decision in McIntosh, in a series of consolidated cases, there were 30,000 plants at issue in one of those cases, and this Court remanded for an evidentiary hearing. In Sokutsa Bay, which is an unpublished case but persuasive, there were 1,000 plants at issue. Here there are 73 plants at issue, and this Court should remand. Does it really determine whether he's entitled to an evidentiary hearing? Does it depend on the number of plants that are at stake? I think the number of plants is instructive. Why is that significant? When you look at Washington law and how the appellate court in Marquardt said a provider can grow four more than one patient, and under law each patient is allowed 15 plants. Now if you bear that out into Mr. Gloor's case, he would like at an evidentiary hearing to show a colorable argument that he was providing for at least five or more patients, which would put him squarely in the 15 plant per patient under Washington State law. But doesn't the record nullify that argument? We already have a trial record that seems to show your client is neither a collective garden or a designated provider. Isn't that clear from the record that's already been created, and how will the hearing change that? The hearing would allow Mr. Gloor to bring forth some evidence that he was in compliance with Washington State law. I think here, if you'll pardon the expression, I think the district court in granting a motion in limine barring Mr. Gloor from bringing any evidence of compliance with Washington State law was putting the cart before the horse. We still have not had an evidentiary hearing to show whether or not, considering all of the evidence in an evidentiary hearing, he was in compliance. And under State law, I think what's really important to note is Washington mandates that when you're looking at the sufficiency of evidence for an affirmative defense in medical marijuana, the courts must construe the evidence most strongly in favor of the defendant. Here, the district court didn't allow any evidence of compliance with Washington State law. And further, one more note under State law, in State v. Constantine, the appellate courts instructed Washington litigants that a provider does not have to show that a person that he's providing marijuana for has a specific ailment for that medical marijuana. All he has to show, in essence, is that there was a doctor's note, that that person has been diagnosed, and then they can provide the marijuana. This case is a little bit different than McIntosh and Sclootsaberry. I'm not sure I'm pronouncing that correctly. Sclootsaberry, I believe. Sclootsaberry. Because they didn't have a trial in those other two cases. And here we have a trial record. Isn't that right? That's right. They didn't really have much, especially in McIntosh. McIntosh was the very first case that dealt with the Section 538. I think the distinction is a procedural one. In Sclootsaberry, they had pled guilty to the Title 21 offenses without waiving their right to appeal. And there had been some preliminary pretrial testimony below and issues there. I think here, where we have a conviction like Sclootsaberry, there's a conviction with a bar of allowing the defendant to show any evidence of compliance with Washington State law. That's what makes this case different. I see that I'm near my time for rebuttal. Are there any more questions from the Court before I reserve the rest of my time? No. Thank you. Good morning, Your Honors. May it please the Court. Michael Morgan for the United States. Assuming that compliance with the Washington affirmative defense would satisfy McIntosh, which is an assumption the government disputes, but taking that assumption for right now, the record provided in the trial proves conclusively that the defendant did not qualify for the affirmative defense with respect to the GROW operation because he refused to provide documentation when requested by law enforcement. That is a statutory prerequisite for the affirmative defense. Failure to produce that precluded the affirmative defense. You mean the records of the buyers? I mean, not the buyers, but the people who came in to? What he was required to produce was, quote, valid documentation, which is copies of the patient's authorizations. Even assuming that he was trying to grow multiple plants for multiple patients, when confronted by law enforcement, law requires him to present those documents to law enforcement. Law enforcement specifically asked him, it's on page ER 390 of the record. This was at the time of his arrest? Yes, this was at the time of his arrest. And he had been given Miranda and waived. And he specifically was asked, do you have the documentation for medical marijuana GROW? And he refused to provide it. He didn't even answer. He just smirked. Did he later turn it over? No. I mean, did he later have it? No. There's no evidence that he ever had it. But the fact of the matter is, even if he did have it, failure to produce it precluded the affirmative defense. So he had no affirmative defense as to the manufacture count in count 3. And as we know from this Court's decision in Kleinman, if there's a count that is not precluded by the rider, because it's a count-by-count analysis, that count stands. And since concurrent 121 sentences were imposed on counts 1 and 3, if count 3 stands, that's sufficient to affirm the judgment, even if there's an argument about whether or not count 1 is rider compliant. That was the exact situation that the Court had before in Kleinman. So given that there's no affirmative defense to count 3, that is in and of itself sufficient to affirm. There's also no affirmative defense to count 3 because, one, on a single day in 2011, he possessed far more than the maximums permitted under Washington law to qualify as a collective guard. And that's clear in the record. That was the seizure. There's no evidentiary hearing that's going to change the amount of marijuana that was seized. So there's just no need for a hearing in this case. And I should point out that the defense has kind of mischaracterized slightly the district court's eliminate ruling. All the court did was say, I'm not going to allow you to argue that compliance with State law is a defense to the Federal charges. Mr. Gloor was free to present and did present any evidence he wanted with respect to how his business is operated. In fact, the ruling specifically says, quote, the court expects the parties will present evidence that Gloor was operating a purported medical marijuana dispensary. I mean, so he was free to present whatever evidence with regard to his operation he wanted. He just wasn't allowed to make the legal argument. So he had his chance to try to prove that he was in compliance. He didn't. And he couldn't on this record. Did the record establish it was a for-profit venture? And is that then precluded from its State law? It did. Mr. Gloor's partner specifically testified that this was a for-profit venture, that he made over a million dollars running the dispensaries. Several of his employees testified that these, quote, donations, unquote, were really sales transactions. The employees testified that they weren't actually growing any marijuana. They were obtaining the marijuana from wholesale suppliers. That's precluded from being a collective garden. Collective gardens aren't even allowed to sell, quote, cannabis products. The collective garden statute at issue allowed only plants and usable marijuana. So all of these gardens, to the extent that they sold anything beyond plants and usable marijuana, were noncompliant. I mean, did... Just out of curiosity, under today's state of the law regarding legalization of marijuana here in Washington, would his conduct be legitimate today, would it be lawful today? It wouldn't be lawful today because they don't have the licensing. I mean, if he would qualify for licensing and he complied with all the licensing and regulatory requirements, it would be. But since he was never licensed, you know, obviously you can't run a dispensary in the fashion that he ran today and have it be legal because it wouldn't be licensed. Mr. Morgan, could I ask you to clarify one point on your theory? When you say an evidentiary hearing wasn't needed here, are you saying it wasn't needed because it's not required? Or are you saying that it's not needed because of harmless? Because even if one's needed, it's a harmless error in light of the other evidence in the record. What I have been arguing is essentially that it would be harmless conceding that compliance with the affirmative defense would constitute, quote, strict compliance within the meaning of McIntosh. The government actually disputes that point. McIntosh itself defined authorized conduct as conduct that if the state does not allow for prosecution. That's the actual language in McIntosh on page 1176. If the state law allows for non-prosecution, it has authorized the conduct. Washington law never allowed that. Washington law at the time relevant here allowed only an affirmative defense. The Washington Supreme Court has clarified that at the time period at issue, the possession, sale, distribution of medical marijuana was a crime in Washington. It was always a crime. It just admitted of an affirmative defense. Conduct that admits of affirmative defense by definition can't be authorized because you can't authorize someone to commit a crime. It's conduct that is excused. There's a legal excuse for it. But the state is free to prosecute the defendant for that conduct. And under the definition that the court adopted in McIntosh, that means that conduct was not authorized, which means the rider was not even implicated, and for that reason a hearing was unnecessary. But the court doesn't. It's probably fair to say, though, that if McIntosh had been on the books at the time he moved to dismiss. No, McIntosh was on the books. At the time? At the time he moved to dismiss the trial? No, I apologize. You're correct, Your Honor. McIntosh didn't come out until it was the motion for reconsideration of bond. You're correct. I suspect that if it had been on the books, that the district judge probably would have granted him an evidentiary hearing at that time prior to trial. I don't know, Your Honor. Well. I would say not. I think Judge Layton was well aware, because we made this point in opposing the rider initially. Layton didn't have the advantage of McIntosh at the time. No, I understand. He moved on the motion to dismiss. No, I understand. But I think our point is that whether or not a hearing is necessary. Could he have ordered a hearing out of the bunches of caution? Sure. But there's also the very real chance that the court would have read McIntosh as the government has, which is that since Washington hadn't legalized marijuana, the rider wasn't implicated. And we did present that argument to the judge, so it was before him. But in any event, the court really doesn't need to go down that road, because you can easily affirm on harmlessness, because the record has developed and makes clear that the defendant was noncompliant and could not, as a matter of law or fact, establish the affirmative defense he would have needed to either count. Unless the court has any other questions, I'd ask you to affirm. Thank you. No questions here. Thank you. Ms. Jones, you've kept some powder dry for rebuttal arguments. Thank you. Thank you, Judge Gould. I'd like to address the argument of the government that the rider doesn't apply or isn't implicated because medical marijuana was not legal at that time. I have four points to that. First of all, Congress clearly included Washington State in the enumerated states in the rider that has to do with states that are trying to implement medical marijuana laws. Second, there are no cases interpreting the congressional rider that supports the government's argument. And finally, the significance of the State Supreme Court case that the government refers to, which is State v. Reese, that said, as the government reads it, that says medical marijuana is not legal in Washington. What that case was actually saying of significance is that a defendant cannot bypass an evidentiary hearing to bring forth his affirmative defense. And what Reese was trying to do was bring a motion to dismiss before he had brought forth evidence of an affirmative defense. That is exactly, precisely what Mr. Gloor is asking the court to do here, is to give him the opportunity of an evidentiary hearing so that we can figure out if he was in compliance with Washington State law. But you already have a record. I mean, I don't want to go over this again, but you already had a record. You have a record here where you can look at it. But again. I mean, what are you going to do? That's what I don't understand. And you don't really outline that in your brief. In a context of due process, it seems fundamentally unfair that on one hand, the district court says in a motion in limine, I don't want you to bring any evidence that you were in compliance with Washington State law. And on the other, allow, and the prosecutor below said, Your Honor, there's no reason for us to bring in evidence of compliance because this is a straight Title 21 charge. It's just federal law, and it's illegal. But as this court recently said in Kleinman, even though they were applying that case to someone who, eight days before the writer took effect, had been convicted, so it didn't apply to Kleinman. And on January 22nd of this year, a couple of weeks ago, Kleinman restated, based on McIntosh, that when the congressional writer took effect, the Department of Justice was obligated to stop spending funds in connection with charges involving conduct that fully complied with state law. And here, we have not had an evidentiary hearing to determine. So when we're talking about harmless error, and we're asking you, what are you going to produce? There's nothing in your brief that suggests that you have that evidence. Why should we not rely on the record that already exists when you're not giving us anything more? Because at this point, to apply Washington law should be left, those details should be left to the district court. The appellate court should not be determining the application of Washington law. That should be done at the evidentiary hearing with the district court. And it seems fundamentally unfair that he's barred from doing that, yet the prosecutor, as I was saying a moment ago, said there's no need for that because it's just Title 21. I referred you to Kleinman to that specific, only to emphasize the point that had Mr. Glor had an evidentiary hearing and then they proceeded on the Title 21 action, McIntosh provided the process by which this should happen. You look at some of the cases that were consolidated in McIntosh, we could speculate they were way beyond and outside the scope of what the state law required. But yet, in due process required that they get to have their day in court to prove whether or not they were in compliance. Here, he's barred from even bringing that. And the prosecutor conceded that below. We're just bringing Title 21 charges. That is what Mr. Lombardi told Judge Layton. There was any other questions from the court? Then I would like to just take ten seconds to close to tell you that at issue here is the requirement to follow Congress's intent. In that rider, Congress enumerated Washington as a state that is trying to legalize medical marijuana. The federal government should not involve themselves in that when they're prohibited by a congressional rider to spend funds until that evidentiary hearing is had. So we ask this court to vacate Mr. Glure's convictions and remand for the evidentiary hearing. Thank you. Okay, thank you, Ms. Jones. So I want to thank both counsel for their excellent arguments. And the Glure case shall be submitted.
judges: Gould, Paez, McShane